IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BRANDIE C.,[1]

Plaintiff,

vs.

CAROLYN COLVIN, Acting Commissioner of
the Social Security Administration,

Defendant.

8:24CV153

MEMORANDUM AND ORDER ON
MOTION FOR ATTORNEY'S FEES
UNDER 42 U.S.C. § 406(B)

This case for judicial review of the denial of Social Security disability benefits is before the Court on plaintiff Brandie C.'s Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b), Filing 21, after an award of benefits by the agency on remand. Brandie C. is the named plaintiff, but the real parties in interest are Kimberly Schram and Wes Kappelman, Brandie C's counsel, because any contingent fee award pursuant to § 406(b) will reduce Brandie C.'s award of SSA benefits. *See Kertz v. Colvin*, 125 F.4th 1218, 1220 (8th Cir. 2025). The Commissioner of Social Security neither supports nor opposes Brandie C.'s Motion. Filing 22 at 1. That is because "the Commissioner . . . has no direct financial stake in the answer to the § 406(b) question." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6. (2002). Rather, "the Commissioner 'plays a part in the fee determination resembling that of a trustee for the claimants.'" *Id*. For the following reasons, the Court grants Brandie C.'s counsel's Motion.

## I.  INTRODUCTION

### A.  Procedural Posture

In April of 2024, Brandie C. and her attorneys, Ms. Schram, and Mr. Kappelman, entered into a fee agreement providing for a contingency fee of 25 percent of back benefits for federal court representation. Filing 21 at 1 (¶ 2); Filing 21-1. On April 25, 2024, Brandie C. filed a

---

[1] The Court will refer to Plaintiff by first name and first initial of last name to protect her privacy.

Complaint seeking social security disability benefits. Filing 1 at 1 (¶ 1). On August 9, 2024, the Court granted the Commissioner's Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), Filing 12; reversed the Commissioner's administrative decision denying benefits; remanded this matter to the Commissioner for further proceedings; and denied as moot Brandie C.'s Motion for an Order Reversing the Commissioner's Decision, Filing 9. Filing 14 at 2–3. Judgment entered accordingly the same day reversing the Commissioner's decision and remanding the case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). After the remand, the Court granted Brandie C's Petition for Attorney's Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), Filing 16, and awarded $3,870.48 in attorney's fees. Filing 18 at 4. That award was at an adjusted hourly rate of $251.33 for 15.4 hours. Filing 18 at 3. On remand, Brandie C. was awarded benefits by the SSA. Filing 21 at 1 (¶ 3).

The Motion now before the Court states,

> Counsel has received a notice letter dated November 23, 2025, concerning past due benefits. [Filing 21-2]. This notice explained that $18,240.75 was 25 percent of past due benefits on the main claim. [Filing 21-2 at 3]. Counsel checked this math, and it appears accurate. Counsels received two auxiliary notice letters dated May 4, 2026. [Filing 21-2 at 7, 12]. These explain $4,142.00 and $4,142.00 were 25 percent of past due benefits on the auxiliary claims for [Brandie C.'s] children. [Filing 21-2 at 8, 13]. Counsels checked this math, and it appears accurate for past due benefits through November of 2024. The total of 25 percent of past due benefits for the main claim and auxiliary claims is $26,524.75, which is $18,240.75 + $4,142.00 + $4,142.00.

Filing 21 at 1–2 (¶ 4). The Motion explains further that Ms. Schram is seeking $9,200 before the agency for work performed in agency proceedings under 42 U.S.C. § 406(a), Filing 21 at 2 (¶ 5), so that amount has been deducted from the contingency fees claimed here. Filing 21 at 2 (¶ 6). Thus, the Motion seeks payment of $17,324.75 in attorney's fees under 42 U.S.C. § 406(b). Filing 21 at 4.

The Motion states, "As reflected in counsels' itemization of hours expended, which had been included in counsels' motion for EAJA fees, [Brandie C's attorneys] expended more than 8.9 hours for work performed in federal courts." Filing 21 at 2 (¶ 8) (citing Filing 21-3). However, the cited Itemization of Time actually indicates a total of 15.4 hours of time total for both attorneys expended in federal court. Filing 21-3 (13.6 hours for Mr. Kappelman; 1.8 hours for Ms. Schram). In an Order filed June 3, 2026, the Court stated that it would not rule on the present Motion "until the uncertainty about the hours claimed is resolved." Filing 23 at 1. Therefore, the Court set a deadline of June 5, 2026, "to clarify and demonstrate the number of hours on which the Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b), Filing 21, is based, or the Motion will be denied without prejudice." Filing 23 at 1.

The next day, Brandie C.'s counsel filed a Response Re: Order (Filing No. 23). Filing 24. In that Response, Brandie C.'s counsel stated, the following:

> Plaintiff's motion at Filing No. 23 should not have stated 8.9 hours, but instead should have stated in paragraph 8: "As reflected in counsels' itemization of hours expended, which had been included in counsel's motion for EAJA fees, counsels expended more than **15.4** hours for work performed in federal courts." The tasks and time that amounted to this 15.4 hours is [sic] detailed in Exhibit 3 [Filing 23-1] for the 42 U.S.C. § 406(b) motion, which is the exhibit from the prior EAJA motion. *See* Filing Nos. 21-3, 16-2.

Filing 24 at 1 (emphasis in the original).

In light of counsels' clarification, the Court now concludes that the reference to 8.9 hours of work in federal court in the current Motion was a mistake. The tally of 15.4 hours in the Itemization of Time corresponds to the hours claimed by Brandie C.'s attorneys for which the Court awarded fees pursuant to EAJA. Filing 18 at 3. As counsel states, the very next paragraph of the current Motion states, "The 'hypothetical hourly rate' for work performed in federal courts is approximately $1,124.98 per hour. ($17,324.75 / 15.4 hours)." Filing 21 at 2 (¶ 9). Thus, the Court concludes that the fee claim here is based on 15.4 hours of work in federal court not 8.9 hours.

The Motion states that upon the award of fees pursuant to § 406(b), Brandie C.'s counsel will reimburse Brandi C. the amount of $3,870.48 in attorney fees awarded under EAJA, as the EAJA fees were received without an offset pursuant to *Astrue v. Ratliff,* 560 U.S. 586, 589–90 (2010). Filing 21 at 4. The Motion states further, "Counsels [sic] request payment be sent to Ms. Schram, who can then reimburse [Brandie C.] the EAJA award and then disburse to Mr. Kappelman his portion of the award." Filing 21 at 4.

## II.  LEGAL ANALYSIS

### A.  Contingent Fees Under § 406(b)

#### 1.  *The Statutory Framework*

Pursuant to 42 U.S.C § 406(b)(1)(A), a court may impose a reasonable fee for representation as part of its judgment. *Gisbrecht v. Barnhart,* 535 U.S. 789, 795 (2002). The statute states:

> Whenever a court renders a judgment favorable to a claimant under this title [42 USCS §§ 401 *et seq*.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A). Thus, § 406(b) places a limit on contingent fee agreements of not more than 25 percent of the successful claimant's past due benefits; agreements exceeding 25 percent are unenforceable. 42 U.S.C. § 406(b); *Gisbrecht,* 535 U.S. at 807; *Culbertson v. Berryhill,* 586 U.S. 53, 57 (2019).

Section 406(b) funds are paid to attorneys from the claimant's past-due benefits fund,[2] rather than with agency funds like EAJA fees. 42 U.S.C. § 406(b)(1)(A); 28 U.S.C. § 2412(d)(4). A claimant's attorney may receive both EAJA funds and § 406(b) funds, "but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht,* 535 U.S. at 796

---

[2] "Past due benefits" are the total amount of benefits that have accumulated because of a favorable decision. 20 C.F.R. § 404.1703.

(internal quotation omitted) (adding, "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits that the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." (citation omitted)).

### 2. The "Reasonableness" Requirement for Contingent Fees

To assure reasonable results, § 406(b) requires the Court to make an independent review of contingent fee agreements. *Gisbrecht,* 535 U.S. at 807. The claimant's attorney bears the burden of showing that the fee being sought is reasonable. *Gisbrecht,* 535 U.S. at 807.

The reasonableness of a contingent fee agreement under § 406(b) is not determined by the "lodestar" method applicable to awards to prevailing parties in other litigation, which considers the hours reasonably expended at a reasonable hourly rate. *Gisbrecht*, 535 U.S. at 797 (explaining the calculation under the "lodestar" method). As the Eighth Circuit explained,

> [In *Gisbrecht*,] [f]inding the statutory text "inconclusive," the Court rejected the lodestar calculation as the starting point for determining a reasonable fee -- "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. at 800, 807, 122 S.Ct. 1817. Attorneys seeking fee awards within the statutory maximum of 25% "must show that the fee sought is reasonable for the services rendered." [*Gisbrecht*, 535 U.S.] at 807, 122 S.Ct. 1817.

*Kertz v. Colvin*, 125 F.4th 1218, 1220 (8th Cir. 2025). Thus, the applicable standard is one of "reasonableness." *Id.*

The Eighth Circuit quoted the following from *Gisbrecht* as guidance for determining "reasonableness" of a contingent fee under § 406(b):

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have *appropriately* reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. *If the benefits are large in comparison to the amount of time counsel spent on the case, a downward*

*adjustment is similarly in order. See [Rodriquez v. Bowen, 865 F.2d 739, 747 (6th Cir. 1989) (en banc)] (reviewing court should disallow "windfalls for lawyers").* In this regard, the court may require the claimant's attorney to submit ... as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases. Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.

*Kertz*, 125 F.4th at 1220 (quoting *Gisbrecht*, 535 U.S. at 808, with emphasis added in *Kertz*). The statement quoted from *Gisbrecht* identifies factors relevant to the reasonableness inquiry as including the results achieved, whether counsel caused delay, and whether the benefits are large in comparison to the time counsel spent (not whether the fee is large in comparison to time spent or the benefits obtained).

## B. Discussion

Brandie C.'s attorneys argue that an award of $17,324.75 for 15.4 hours, resulting in a "hypothetical" or effective hourly rate of $1,124.98 is reasonable for a contingent fee in the circumstances of this case. Filing 21 at 2 (¶ 10). The attorneys argue that the total amount claimed is reasonable because their work led to remand and the eventual award of benefits in the agency; they were not responsible for unreasonable delays; they spent a reasonable amount of time on this case; and between them they have extensive experience in this area of the law at all administrative and judicial levels. Filing 21 at 3 (¶ 10).

After the independent review of the contingency agreement in this case required by *Gisbrecht*, the Court concludes that the character of the representation, the results achieved, the lack of any unreasonable delay, and the benefits achieved all favor acceptance of the agreement. *See Gisbrecht*, 535 U.S. at 808 (identifying such factors). The case was sufficiently complex and meritorious that the United States eventually determined that a remand and reconsideration were appropriate, and Brandie C. received a substantial award of benefits in further administrative

6

proceedings. There is nothing in the record to suggest that counsel delayed proceedings when the case was on file less than four months before it was remanded to the agency.

In this case, the effective hourly rate of $1,124.98 may seem high, but what matters is the reasonableness of the contingent fee in light of the factors identified as pertinent in *Gisbrecht.* 535 U.S. at 808. In the consideration of those factors, the hourly rate is no more than a factor to "aid" the Court's determination of reasonableness. *Id.* What is critical is whether the benefits are large in comparison to the amount of time counsel spent on the case, which would suggest a downward adjustment is in order. *Id.* The benefits here are large, but they are not out of proportion to the time (15.4 hours) spent by counsel litigating in federal court to obtain the remand and reconsideration. Even to the extent the hourly rate alone might be an aid in the reasonableness determination, similar hypothetical or effective rates have been approved in other cases in this and an adjacent district. *See Hammond v. Saul,* No. 8:20CV287, 2021 WL 5203347 at *5–6 (D. Neb. Nov. 9, 2021) (finding $17,643.75 for 18.9 hours, equating to $933 per hour, was reasonable); *see also Smith v. Berryhill,* No. 8:18CV491, 2020 WL 5408041, at *2 (D. Neb. Sept. 9, 2020) (finding a hypothetical hourly rate of $1,000 was reasonable); *Boettcher v. Kijakazi,* 8:21CV31, 2023 WL 6519224, at *3 (D. Neb. Oct. 5, 2023) (finding a hypothetical hourly rate of $1,000 was reasonable); *Sedlak v. Saul,* 8:18CV515, 2020 WL 5849685, at *5–4 (D. Neb. Oct. 1, 2020) (finding $784 per hour was reasonable). Recently, the United States District Court for the Northern District of Iowa awarded attorney fees to these same attorneys in a case involving the court's eventual reversal and remand to the agency for further proceedings involving a hypothetical or effective hourly rate of $1,137.98. *See Meri W. v. Kijakazi*, No. C20-67-LTS, 2023 WL 5311023, at *2 (N.D. Iowa May 1, 2023).

Consequently, the Court will award the full amount of $17,324.75 under the contingent fee agreement pursuant to § 406(b). Counsel request that payment be made to Ms. Schram, who will then reimburse Brandie C. the amount of $3,870.48 for EAJA fees awarded and disburse to

Mr. Kappelman his portion of the award. Filing 21 at 4 (Wherefore clause). The Court concludes this course of action is appropriate given the request of counsel.

### III. CONCLUSION

IT IS ORDERED that

1.      Brandie C.'s Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b), Filing 21, is granted;

2.      Attorneys' fees under 42 U.S.C. § 406(b) in the amount of $17,324.75 are awarded to Brandie C, with payment to be sent to her attorney Ms. Schram, who shall then reimburse Brandie C. the EAJA award of $3,870.48, and shall further disburse to Mr. Kappelman his portion of the award.

Dated this 8th day of June, 2026.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge

8